# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FRELANDRA S. WOMACK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:25-cv-02196-SHM-tmp |
| ) | |
| MARCELLA WEAVER, ET AL., ) | |
|     Defendants. ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING CONSOLIDATED COMPLAINT WITH PREJUDICE,
DENYING LEAVE TO AMEND, DENYING PENDING MOTIONS,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE,
NOTIFYING PLAINTIFF OF COURT'S STRIKE RECOMMENDATION
UNDER 28 U.S.C. § 1915(G), AND CLOSING CASE**

On February 24, 2025, Plaintiff Frelandra S. Womack, an inmate at the McPherson Unit of the Arkansas Department of Corrections in Newport, Arkansas, filed a *pro se* civil complaint under 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion for the appointment of counsel. (ECF Nos. 1-3.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq.* (ECF No. 12.)

Womack filed an affidavit in support of her § 1983 complaint and a motion to compel the production of documents on March 13, 2025. (ECF Nos. 7 & 8.) On March 20, 2025, Womack filed a motion to amend her complaint. (ECF No. 9.) Womack filed the following motions requesting various forms of relief between April 23, 2025, and August 11, 2025:

1. Motion for Free Copies of "All Papers" Filed with the Court (ECF No. 14)
2. Motion to Seal Case (ECF No. 15.)
3. Motion for Subpoena to be Issued (ECF No. 17)

4. Second Motion to Compel the Production of Documents (ECF No. 18)
5. Second Motion to Appoint Counsel (ECF No. 19)
6. Motion to Serve Interrogatories (ECF No. 20)
7. Motion for Leave to Serve Additional Interrogatories (ECF No. 21)
8. Third Motion to Compel the Production of Documents (ECF No. 22)
9. Motion for Service of Process (ECF No. 23)
10. Motion for Discovery Conference (ECF No. 24)
11. Motion for Discovery (ECF No. 25)
12. Fourth Motion to Compel Production of Documents (ECF No. 26)

The Court **CONSOLIDATES** the original complaint, Womack's affidavit (ECF No. 7), and Womack's motion to amend (ECF No. 9) for purposes of screening Womack's § 1983 claims under the PLRA.

For the reasons that follow, Womack's consolidated complaint is **DISMISSED WITH PREJUDICE**. Leave to amend is **DENIED**. Womack's pending motions (ECF Nos. 3, 8, 14-15, 17-26) are **DENIED**.

I.     BACKGROUND

The events underlying Womack's complaint are alleged to have occurred while Womack was undergoing a "court-ordered psychiatric evaluation" at the Memphis Mental Health Institute ("MMHI") in Memphis, Tennessee. (ECF No. 1 at PageID 9.) Womack alleges that she was sexually assaulted by two MMHI employees "while she was a patient under psychiatric care." (*Id*.)

Womack alleges that Christopher Bowden, the "lead investigator" for MMHI's "legal team," was notified on September 7, 2022, that two MMHI employees had "engaged in evasive sex acts" with Womack. (*Id*.) Womack alleges that on September 13, 2022, Bowden called Womack and told her that "it [had been] brought to his attention" that Womack had reported "a sexual assault/sexual battery" against two MMHI employees. (*Id*.) Womack alleges that she spoke to Bowden for "approximately 45 minutes." (*Id*.)

Womack alleges that on October 14, 2022, she filed a police report with Marcella Weaver, a sergeant in the Sex Crimes Division of the Memphis Police Department ("MPD").  (*Id*. at PageID 6.)  Womack alleges that, in addition to her initial interview with Sergeant Weaver, Womack gave three videotaped interviews, identified the two suspects in photographic lineups, and provided evidence of the "hush money" one of the suspects paid Womack.  (*Id*. at PageID 8.)  Womack alleges that Sergeant Weaver interviewed one of the suspects, and that the suspect "denied everything."  (ECF No. 7.)  Womack alleges that two days later, Sergeant Weaver closed the investigation into Womack's alleged sexual assault.  (*Id*.)

Womack alleges that Sergeant Weaver closed the investigation "without the proper conduct or protocol."  (ECF No. 1 at PageID 6.)  Womack alleges that Sergeant Weaver failed to forward the police investigation to the District Attorney's Office "for formal charges."  (*Id*.)  Womack alleges that Sergeant Weaver refused to give Womack "a copy of [the] official investigation report, which is [a] state record."  (*Id*. at PageID 10.)  Womack alleges that Sergeant Weaver and Bowden conspired to "cover up a crime of sexual assault."  (*Id*.)

Womack alleges that she made "[a]n internal affairs complaint" against Sergeant Weaver, which was forwarded to the Civilian Law Enforcement Review Board ("CLERB").  (*Id*. at PageID 7.)  Womack alleges that Sergeant Weaver was "transferred out" of the Sex Crimes Division "at the beginning of the CLERB investigation" but is still employed at the MPD.  (*Id*. at PageID 7.)  Womack alleges that Arthur Robinson and Christopher Mosbley conducted the CLERB investigation.  (*Id*. at PageID 13.)  Womack alleges that Robinson and Mosbley "declined to respond" to Womack's inquiry about the "findings of the investigation."  (*Id*.)

Womack alleges that because of the alleged sexual assault, she suffers "bad dreams," insomnia, bipolar disorder, post-traumatic stress disorder, "emotional and mental distress," and weight loss. (*Id*. at PageID 10.)

Womack alleges that Sergeant Weavers's failure to investigate her case violates Section 35 of the Tennessee State Constitution, which "preserve[s] and protect[s]" various "basic rights" of crime victims. (*Id*. at PageID 7.) Womack alleges that Sergeant Weaver's decision to enter into a "non-prosecution agreement" with one of the suspects violates the Crime Victims' Rights Act of 2004 ("CRVA"), 18 U.S.C. § 3771. (*Id*. at PageID 12.) Womack alleges that Sergeant Weaver's decision to close Womack's case violated Womack's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*, and the Rehabilitation Act ("RA), 29 U.S.C. § 794. (*Id*. at PageID 10-11.)

Womack also raises claims of failure to protect, civil conspiracy, "failure to disclose," and violation of her "common law right to inspect and copy public records and documents." (*Id*. at PageID 7-9, 12-13.)

Womack sues Defendants: (1) Sergeant Weaver, (2) Bowden, (3) Robinson, and (4) Mosbley.[1] (*Id*. at PageID. 4-5.) Womack sues Defendants in their individual and official capacities. (*Id*. at PageID 5.)

Womack seeks $750,000 in compensatory damages; $250,000 in nominal damages, and $10,000,000 in punitive damages. (ECF No. 9 at PageID 51-52.)

---

[1] The Clerk is **DIRECTED** to remove the City of Memphis Police Department as a Defendant. Womack lists the MPD as Sergeant Weaver's employer, but she does not sue the MPD. (*See* ECF No. 1 at PageID 4-5.) Even if Womack had sued the MPD, a police department is not an entity capable of being sued under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

II.   **SCREENING THE COMPLAINT**

    A.   **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the

5

requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.  REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Womack sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III.  ANALYSIS

#### Res Judicata

On October 13, 2022, Womack filed a § 1983 civil rights action against the MMHI, Bowden, and others. (*See Womack v. Memphis Mental Health Institute,* No. 2:22-cv-02701-TLP-cgc (W.D. Tenn.), ECF No. 1.) The factual allegations in Womack's previous § 1983 lawsuit are almost identical to the allegations raised in the consolidated complaint.

Womack alleged in her previous lawsuit that she was "transported to the MMHI for a court-order[ed] psych[ological] evaluation," and that MMHI employees committed "sexual acts to include penetration [and] nude photography" of Womack "in exchange for monetary payment." (*Id*. at PageID 6.) Womack alleged that after she was "discharged" she reported the alleged sexual assault to Sergeant Weaver. (*Id*. at PageID 7.) Womack alleged that Sergeant Weaver presented Womack with a photographic lineup, and that Womack identified one of the suspects. (*Id*. at

6

PageID 14.) Womack alleged that Sergeant Weaver contacted the suspect and asked him to give a statement. (*Id*. at PageID 16.)

Womack alleged that Bowden gave "false information" about the suspects to Sergeant Weaver and "failed to fully cooperate" with Sergeant Weaver's investigation into Womack's allegations. (*Id*. at PageID 5.) Womack alleged that Bowden refused to give Womack information about the MMHI's investigation into Womack's sexual assault allegations because it was "confidential." (*Id*. at PageID 9.)

Womack alleged that she sought to have Sergeant Weaver removed from the case due to "incompetence and negligence," but that the MPD "would not remove [Sergeant] Weaver from the case." (*Id*.) Womack alleged that she attempted to obtain a copy of the "police report" associated with her case from the Shelby County Sheriff's Office ("SCSO"), but that she was told that the SCSO "could not access the report due to [its] being a [MPD] investigation." (*Id*. at PageID 10-11.) Womack alleged that an SCSO detective advised Womack to contact "Internal Affairs" about Sergeant Weaver's conduct. (*Id*. at PageID 11.)

The magistrate judge issued a report recommending that Womack's complaint be dismissed with prejudice for failure to state a claim to relief. (ECF No. 11 at PageID 78-80.) The magistrate judge found that Womack's complaint failed to satisfy Rule 8(a)'s pleading standard because "it [was] not clear which causes of action . . . applied to which defendant or defendants." (*Id*. at PageID 78.) On August 8, 2023, the district court adopted the magistrate judge's report and dismissed Womack's complaint with prejudice. (ECF No. 17 at PageID 200.)

Although Womack's consolidated complaint invokes legal theories that differ from her previous lawsuit, the doctrine of claim preclusion, or *res judicata*, bars Womack from litigating a

7

new legal theory based on the same operative facts.² "[P]laintiffs cannot avoid the effects of claim preclusion by merely repacking their grievances into alternative theories of recovery or by seeking different remedies." *Heike v. Cent. Mich. Univ. Bd. of Trs*., 573 F. App'x 476, 482 (6th Cir. 2014) (citing *Rawe v. Liberty Mut. Fire Ins. Co*., 462 F.3d 521, 529 (6th Cir. 2006)).

In *Heike*, the Sixth Circuit held that the dismissal of a plaintiff's prior § 1983 lawsuit precluded her from bringing a new lawsuit challenging the same conduct under Title VI of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972. *Id*. at 477. The Sixth Circuit explained that, "to constitute a bar under the doctrine of claim preclusion, there must . . . be an 'identity of the causes of action.'" *Id*. at 482-83 (citing *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). "Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Id*. at 483. The Sixth Circuit concluded that the plaintiff's "initial § 1983 claims share[d] an identity to those asserted in her second lawsuit because all of her claims stem[med] from the same set of operative facts." *Id*. "[H]ad [the plaintiff] brought her Title VI and IX claims alongside her § 1983 claims, she necessarily would have relied on the same evidence in support of those claims," and it was "of no moment that the statutory elements of Titles VI and Title IX claims differ from those of an equal protection or due process claim raised under § 1983." *Id*.

*Res judicata* bars Womack's claims in the instant lawsuit, which rely on the "same set of operative facts," that should have been raised in Womack's previous § 1983 lawsuit. *See id*. The instant lawsuit includes additional defendants, but *res judicata* bars Womack's claims against them

---

² Womack's previous lawsuit raised claims under § 1983, various federal criminal statutes, and Tennessee law. (ECF No. 1 at PageID 4.) The magistrate judge found that "[i]t [was] not clear from the narrative whether [Womack was] claiming that these violations form the basis for Federal jurisdiction of her claim under . . . § 1983 or that she [was] making claims . . . against the defendants independent of the § 1983 claim." (ECF No. 11 at PageID 79.)

because Womack had a full and fair opportunity to raise her claims against those defendants in her prior lawsuit. *See Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012) (explaining that, "[w]here a litigant brings repeated actions based upon the same operative facts," *res judicata* may still apply "despite a change in legal theory or the 'cast of characters-defendants'") (quoting *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)).

Womack's claims from her previous lawsuit and those in the instant lawsuit all derive from the alleged sexual assault that occurred while Womack was a patient at the MMHI. The operative facts in both lawsuits center on Womack's dissatisfaction with Sergeant Weaver's investigation into Womack's allegations against the two MMHI employees. Womack has not asserted any new material facts in her consolidated complaint. Womack cannot avoid the effect of claim preclusion by asserting different legal theories. *See Heike*, 573 F. App'x at 482.

Womack's complaint is **DISMISSED WITH PREJUDICE**.

### IV. <u>AMENDMENT UNDER THE PLRA</u>

The Sixth Circuit has held that a district court may allow a prisoner to amend her complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in her complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court **DENIES** leave to amend the consolidated complaint. Amendment would be futile because Womack's claims are barred by the doctrine of *res judicata*.

## V.  APPELLATE ISSUES

The Court also considers whether to grant leave to appeal *in forma pauperis*. To proceed on appeal *in forma pauperis*, a non-prisoner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that, if the district court permits a party to proceed *in forma pauperis* in that court, that party may also proceed on appeal *in forma pauperis* without further authorization, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one that considers whether the litigant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed before service on the defendants but finds that the complaint has enough merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as barred by *res judicata* also support the conclusion that an appeal by Womack would not be taken in good faith.

This Court **CERTIFIES**, under Rule 24(a), that any appeal in this matter by Womack would not be taken in good faith. The Court **DENIES** leave to proceed on appeal *in forma pauperis*. If Womack appeals, she must pay the full $605 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## VI. NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Womack's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VII. CONCLUSION

For the reasons explained above:

A. Womack's consolidated complaint is **DISMISSED WITH PREJUDICE** in its entirety for failure to state a claim on which relief can be granted. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). All of Womack's claims are barred by *res judicata*.

B. Leave to amend the consolidated complaint is **DENIED**.

C. The Court recommends that this dismissal be treated as a strike pursuant to § 1915(g). *See Simons*, 2021 WL 1727619, at *1.

D. The Court **CERTIFIES** that an appeal would not be taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal.

E. All pending motions (ECF Nos. 3, 8, 14-15, 17-26) are **DENIED**.

F. This case is **DISMISSED** in its entirety.

**IT IS SO ORDERED** this _15th_ day of August, 2025.

                                                                  _/s/ Samuel H. Mays, Jr._
                                                                  SAMUEL H. MAYS, JR.
                                                                  UNITED STATES DISTRICT JUDGE